**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|   |   |   |
|---|---|---|
| STACI L. (JOBE) SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 09-2203-MLB |
| | ) | |
| DEVERA MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss (Doc. 2) and plaintiff's motion to remand (Doc. 7). The motions have been fully briefed and are ripe for decision. (Docs. 3, 8, 9, 10).

**I.   Facts**

In October 2005, plaintiff applied for employment at a McDonald's in Kansas City, Kansas, which is owned by defendant. Plaintiff was employed at that location for only one month. In June 2006, another individual stole plaintiff's identity and began work at the same McDonald's. That individual worked at that location until May 2008, which is presumably when plaintiff discovered that someone had stolen her identity.

Plaintiff filed a petition in Wyandotte County District Court on March 3. Plaintiff's petition alleges state tort claims and a violation of the Fair and Accurate Credit Transactions Act (FACTA). Defendant then removed the action to this court on April 20. Defendant moves to dismiss plaintiff's petition on the basis that it fails to state a claim.

**II. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

This case was removed by defendant on the basis of federal question jurisdiction.[1] The only federal claim in the complaint is the alleged violation of the FACTA. "The Fair and Accurate Credit Transactions Act of 2003 (FACTA) amended the Fair Credit Reporting Act (FCRA) to, among other things, include the following truncation requirement: No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided

---

[1] Plaintiff's motion to remand asserts that remand is necessary only in the event that the court dismisses plaintiff's only federal claim. Therefore, the court will first address defendant's motion to dismiss.

to the cardholder at the point of the sale or transaction." Ramirez v. Midwest Airlines, Inc., 537 F. Supp.2d 1161, 1162 (D. Kan. 2008)(citing 15 U.S.C. § 1681c(g)).

Defendant argues that this claim must be dismissed because the FACTA or the Fair Credit Reporting Act (FCRA) do not provide a cause of action against defendant because plaintiff's allegations do not stem from a credit card transaction. Plaintiff's responds that defendant is liable for damages under the FACTA because it "may have obtained consumer information from a consumer reporting agency in connection with its hiring of the plaintiff" and should have disposed of the report. (Doc. 8 at 11).

Pursuant to 15 U.S.C. §§ 1681n and 1681o, the FCRA creates a private right of action for willful or negligent violations of duties imposed by the statute. A plaintiff may recover actual damages under § 1681o for negligent violations and, in addition, may recover punitive damages under § 1681n for willful violations. Those sections of the statute state that damages are available when a person has "failed to comply with any requirement imposed under this subchapter with respect to any consumer." Plaintiff, however, has not alleged that a specific subchapter of the FCRA has been violated. In her briefing, plaintiff argues that defendant violated 16 C.F.R. § 682.3 which states as follows:

> Any person who maintains or otherwise possesses consumer information for a business purpose must properly dispose of such information by taking reasonable measures to protect against unauthorized access to or use of the information in connection with its disposal.

Plaintiff has not identified any statutory authority which would allow a consumer a private right of action against a company which

fails to comply with that regulation. The court has reviewed the specific parts of the C.F.R. which pertain to the FACTA and concluded that the regulations do not provide a private cause of action in this case.

**IV. Conclusion**

Accordingly, defendant's motion to dismiss plaintiff's federal claim is sustained. (Doc. 2). The court declines to exercise supplemental jurisdiction of plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). Therefore, the court will grant plaintiff's motion to remand the remaining state claims to Wyandotte County District Court. (Doc. 7). The clerk is ordered to remand this action to Wyandotte County District Court.

IT IS SO ORDERED.

Dated this __4th__ day of March 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE